UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-4229 JGB (BFM)** | Date | August 14, 2026 |
| Title | ***Kevin Bersavid Giron Arana v. ICE Field Office Director*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order DENYING Petitioner's Motion for a Temporary Restraining Order (Dkt. NO. 2) (IN CHAMBERS)**

Petitioner Kevin Bersavid Giron Arana ("Petitioner") filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 on July 28, 2026. ("Petition," Dkt. No. 1.) Petitioner also filed a motion for a temporary restraining order. ("Motion," Dkt. No. 2.) Petitioner is an immigration detainee held by U.S. Immigration and Customs Enforcement ("ICE") in the Adelanto ICE Processing Center. (See Petition at 2.) Petitioner challenges the constitutionality of his detention. (See Mot.)

Under the Federal Rules of Civil Procedure, the Court may only issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Further, courts weigh four factors in deciding to issue a temporary restraining order: (1) A likelihood of success on the merits; (2) that Plaintiff is likely to suffer irreparable harm in the absence of relief; (3) the balance of equities tips in Petitioner's favor; and (4) an injunction is in the public's interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). At this time, based on the record, the Court **DENIES** Petitioner's Motion for failure to show the likelihood of success on the merits.

**IT IS SO ORDERED.**